STATE BOARD OF TAX APPEALS.

THE SONS OF VETERANS BUILDING ASSOCIATION, PETITIONER, v. CITY OF PATERSON, RESPONDENT.

Decided January 21, 1941.

For the petitioner, *William C. Kronmeyer*.

For the respondent, *Salvatore Viviano* (by *George Surosky* and *George Dimond*).

QUINN, President. Petitioner is a corporation organized under the General Corporation act of 1875, for the stated purpose of dealing in real estate in divers respects. In 1890, it acquired title to premises 145 Broadway in the city of Paterson, upon which, as of the assessing date for the year 1939, there was situated a four-story brick building containing meeting rooms and a public barber shop. The meeting

rooms appear to be rented regularly and continuously, for meeting purposes, to various types of organizations.

It is claimed by petitioner that the property is beneficially owned by Hugh C. Irish Camp No. 8, New Jersey Division, Sons of Veterans, U. S. A., and that it is exempt from taxation under *R. S.* 54:4-3.25, exempting property used in the work and for the purposes of a *bona fide* national war veterans' organization, or *bona fide* affiliated association. An application for exemption from taxation to the Passaic County Board of Taxation was denied, except for the personalty assessment of $500, which was canceled. No appeal as to the personalty was filed with this board.

Although there appears no doubt as to the status of the Hugh C. Irish Camp, &c., as within the category of organizations described in the statute (*Ellsworth Camp No. 32, Sons of Union Veterans* v. *City of Union City, New Jersey Tax Reports,* 1934-1939, *p.* 673, we are not satisfied that the organization holds the beneficial ownership of the property, or that the building can be said to be used in the work and for the purposes of the organization, in the sense intended by the act.

There is no proof of any trust relationship between petitioner and the camp as to the property, or any evidence that would warrant the conclusion that the former is a mere holding company of the property for the latter. It is only shown that the camp holds 1,628 shares of petitioner's stock, out of a total of 2,753 shares outstanding. The remainder is owned by individual members of the camp and of its auxiliary. There is no showing of any restriction upon the right of free alienation of the shares held by individual stockholders. These facts do not show strict compliance, as is required in all cases of exemption claimants, with the statutory requisite of beneficial ownership by the veterans' organization in question.

The permanent occupation for non-owner purposes of that portion of the property rented to the public barber shop, is an independently sufficient ground for denial of the exemption. It is true that we have held that the absence in the exemption statute of specific requirements that the property be exclusively devoted to the uses of the exemption claimant, or that it be free from use for pecuniary profit, will operate to

confer the right of exemption even though the property is occasionally permitted to be used by other organizations, or devoted to commercial pursuits by the owner organization. *Cranford* v. *Cranford Legion Holding Co., Inc., New Jersey Tax Reports,* 1934-1939, *p.* 293; *Ellsworth Camp No.* 32, *Sons of Union Veterans* v. *City of Union City, Id.* 673; *City of Asbury Park* v. *Harold Daley Post No.* 1333, *Id.* 734. But in no case has it been held that a war veterans' organization might qualify for exemption, despite the permanent devotion of a part of its property to the uses of persons or entities other than itself. In the *Cranford* case, *supra,* President Weaver of this board adverted to the circumstance that "no portion of the building is permanently rented."

For the reasons stated, the application for exemption on realty is denied, and the judgment of the Passaic County Board is affirmed.