STATE BOARD OF TAX APPEALS.

BOROUGH OF PARK RIDGE, A MUNICIPAL CORPORATION, PETITIONER, v. PASCACK VALLEY POST NO. 153, RESPONDENT.

Decided February 24, 1942.

For the petitioner, *George W. Mackay* (by *Charles C. Freint*).

For the respondent, *Harry Randall* (by *George Freeman*).

QUINN, President. Respondent is a war veterans' organization owning a parcel of land in the petitioner taxing district, whereon are situated a two-story building and a small structure appurtenant to a gasoline station. A tenant occupies one floor of the two-story building at a monthly rental of $60, while the other is rented by another tenant at $25 per month. The respondent uses the second story of the larger structure for its meetings. All income derived from the rentals is devoted exclusively to the uses of the organization. An appeal from an assessment for taxes on the property, levied for the year 1940, resulted in an exemption from taxation granted by the Bergen County Board of Taxation. The taxing district applies for a restoration of the assessment.

The claim for exemption is rested, in the alternative, upon the provisions of *R. S.* 54:4-3.5; *N. J. S. A.* 54:4-3.5, and

*R. S.* 54:4-3.25; *N. J. S. A.* 54:4-3.25. These provide, respectively, as follows:

"54:4-3.5. Real estate or personal property owned and used for military purposes by any organization under the jurisdiction of this state, or of the United States, shall be exempt from taxation under this chapter on condition that all income derived from the property above the expense of its maintenance and repair shall be used exclusively for such military purposes; and any building, real estate or personal property used by an organization composed entirely of veterans of any war of the United States shall be exempt from taxation under this chapter."

"54:4-3.25. All real and personal property used in the work and for the purposes of one or more *bona fide* national war veterans organizations or posts, or *bona fide* affiliated associations, whether incorporated or unincorporated, existing and established on June eighteenth, one thousand nine hundred and thirty-six, shall be exempt from taxation under this chapter if the legal or beneficial ownership of such property is in one or more of said organizations, or posts, or affiliated associations."

Respondent points to the reference to the income derived from the property, in *R. S.* 54:4-3.5; *N. J. S. A.* 54:4-3.5, as an indication of a legislative intention that the renting of a part of the premises of such an organization shall not affect its statutory right of exemption. Without conceding that the said reference is intended to sanction such a situation as is here shown to exist, it is sufficient to point out that it is not shown that the property in question is used for military purposes.

As for any reliance upon the second clause of section 54:4-3.5 or upon *R. S.* 54:4-3.25; *N. J. S. A.* 54:4-3.25, the respondent's situation is controlled by our adjudication in *The Sons of Veterans Building Association* v. *City of Paterson (State Board,* 1941), 19 *N. J. Mis. R.* 106; 17 *Atl. Rep.* (2d) 554, to the effect that the permanent devotion of a portion of a building to rental for a public barber shop would deprive a war veteran's organization owning same of the exemption accorded by the statute, since in such circumstances

it could not be said that the property was being used in the work and for the purposes of the veteran's organization. *City of Asbury Park* v. *Harold Daley Post No. 1333, New Jersey Tax Reports,* 1934-1939, *p.* 734, relied upon by respondent, is distinguishable, the holding there being only that the absence in an exemption statute of any specific requirements that the property be *exclusively* devoted to the uses of the exemption claimant, or that it be free from use for pecuniary profit, will operate to confer the right of exemption in an otherwise proper case, even though the property is devoted to commercial pursuits prosecuted in the building by the owner organization itself. The distinction lies in the fact that in such cases there is no permanent or continuous devotion of a part of the property to the uses of persons or entities other than the owner organization. See *Cranford* v. *Cranford Legion Holding Co., Inc., Id.* 293.

The judgment of the Bergen County Board of Taxation is reversed, and the assessment ordered restored.