142 N.J. Super. 179 (1976)
361 A.2d 53
FRANKLIN ESTATES, INC., APPELLANT,
v.
TOWNSHIP OF EDISON, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted May 11, 1976.
Decided May 27, 1976.
*182 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Lasser, Lasser, Sarokin and Hochman, attorneys for appellant (Mr. Lawrence S. Berger, of counsel; Mr. Jonathan A. Bernstein on the brief).
No brief was filed on behalf of respondent.
PER CURIAM.
Petitioner Franklin Estates, Inc. appeals from a determination of the Division of Tax Appeals rejecting its bid to qualify under the Farmland Assessment Act for reduced property tax assessments. Farmland status under the Act was sought and rejected for the years 1971 and 1972, the assessments for those years being $313,125 and $395,500, respectively. Notice of disallowance of the claim for farmland assessment for 1971 was given on December 7, 1970, the reasons given being "Not Farming for Two Previous Years" and "Site Inspection." Notice of disallowance for 1972 was given on January 26, 1972, the reason given being "No Proof of Income." Both the 1971 and 1972 assessments were affirmed on appeal by the Middlesex County Board of Taxation and thereafter by the Division of Tax Appeals. Notice of appeal was thereafter filed.
The taxpayer's principal witness was Frank DiMuzio, a predecessor in title to the 65 acres in question and whose family had farmed the land for over 35 years. Although he conveyed the parcel to the taxpayer in 1969, he testified that, pursuant to permission granted in the agreement of *183 sale, he continued to use approximately six acres thereof for growing flowers, tomatoes and corn. Several photographs were received in evidence in an effort to support this testimony. He testified that his gross sales from produce derived from the taxpayer's land and his own land were $21,608 for 1970 and $16,397.32 for 1971. He estimated that approximately half of these sales were attributable to the taxpayer's property. No records, however, were offered to support these contentions.
Joseph Buck, Assistant Tax Assessor for Edison Township, testified that as a result of a number of site inspections, he determined that the conveyed property was not being farmed in 1970. He testified that during 1971-1972 it appeared as if some corn was growing on about half an acre of the land. He acknowledged that prior to the subdivision of the property, as well as in years subsequent to the tax years in question, farmland status was accorded to the property, although his testimony is unclear as to precisely which years.
The Division of Tax Appeals, in a written opinion, held that the taxpayer had not met its burden of proving that it was qualified under the Farmland Assessment Act for reduced property tax assessments, in that the amount of land allegedly being farmed was not shown to be in excess of five acres and that DiMuzio's statement of gross income attributable to the land in question could not be substantiated. It concluded that the taxpayer's testimony was vague, incomplete, nonpersuasive and fell far short of satisfying the necessary statutory criteria.
The taxpayer's initial contention sets up an alleged procedural impediment to the disallowance of its claim for farmland status. Notices of disallowance of claim for the tax years 1971 and 1972 were dated December 7, 1970 and January 26, 1972, respectively. N.J.S.A. 54:4-23.13b requires that where an application for farmland valuation has been timely filed, and it is determined that the taxpayer does not qualify for such treatment, a notice rejecting the *184 claim must be forwarded to the taxpayer on or before November 1 of the pre-tax year, together with the reasons for the disallowance. Hence, in this case where the notices were late, the taxpayer asserts that the township forfeited its right to reject its claim and that a farmland assessment must be granted. This contention is without substance.
Although the requirement that notice of disallowance be given by November 1 of the pre-tax year is couched in mandatory terms "the assessor of the taxing district * * * shall, on or before November 1 of the pre-tax year, forward to such owner a notice of disallowance * * *"), there is no suggestion that a late notice results in an automatic allowance of farmland status. Although the word "shall" is generally construed to be mandatory and the word "may" permissive or directory, these terms have been held interchangeable whenever necessary to implement legislative intent. Such intent may be implied from the language used or inferred on grounds of policy and reasonableness. Harvey v. Essex Cty. Freeholder Bd., 30 N.J. 381, 391-392 (1959).
Use of the term "shall" is by no means conclusive of the enactment's purpose to declare compliance therewith a mandatory condition precedent to disallowance of a claim for farmland valuation. It is merely a presumption which can be readily overcome within the context of the purpose of the legislation in which it appears. See Harvey v. Essex Cty. Freeholder Bd., supra; In re Munson-Lied Co., 68 N.J. Super. 281, 287 (App. Div. 1961); Kohler v. Barnes, 123 N.J. Super. 69, 81 (Law Div. 1973). The significant consideration is whether the provision in question relates to the essence of the law or merely to the form and manner in which it is to be carried out. If no public benefit ensues and no private right is insured by according the word "shall" an imperative meaning, it is to be construed as directory rather than mandatory. In re Norrell, 139 N.J. Eq. 550, 554 (E. & A. 1947); In re Munson-Lied Co., supra.
The notice requirement being considered clearly relates to procedure, the form and manner in which claims *185 for farmland assessments are to be handled and is merely an incident to the achievement of the essential legislative ends sought to be obtained. No private benefit is insured by strictly requiring notice by a given date as a condition to rejecting a claim; no prejudice has been claimed or suffered by the taxpayer by the delay in notice. Nor does strict compliance with the notice provision provide public benefits; indeed, the public interest would be prejudiced by an unwarranted grant of farmland valuation simply because a late notice, which prejudices no one, has been given. We therefore conclude that a late notice of disallowance of a claim for farmland valuation does not result in an automatic grant of such status in the absence of evidence that the delay has prejudiced the taxpayer.
Taxpayer's next contention that the disparity between the reasons given for rejection of its claim in the notice and the reasons found by the Division of Tax Appeals to sustain the rejection necessarily requires that farmland status be granted is without merit. Clearly the reasons given initially for rejection should be the same as those ultimately relied upon in order to permit the taxpayer to concentrate his efforts on proving his entitlement. In this case, however, no prejudice to the taxpayer in any of the administrative proceedings appealed from can be discerned; none has been claimed. The statute demands proof that specified criteria have been met as a condition to farmland assessment under the statute. Here the taxpayer was offered full opportunity to establish compliance with mandatory statutory criteria as to the amount of land being farmed and the income derived therefrom. Its failure to meet the required burden of proof is not even claimed attributable to disparity of reasons given at two stages of the proceedings.
Next, taxpayer asserts that the Division of Tax Appeals erroneously viewed the requirements for farmland assessment in a geographic rather than a monetary framework. Basically, taxpayer's argument is that there need not be a five-acre *186 minimum of land actually under cultivation. We disagree.
The Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq., followed a 1963 amendment to the N.J. Const. (1947); Art. VIII, § I, par. 1, adopted for the purposes of encouraging and preserving the agricultural industry in New Jersey. It provided, in pertinent part:
(b) The Legislature shall enact laws to provide that the value of land, not less than 5 acres in area, which is determined by the assessing officer of the taxing jurisdiction to be actively devoted to agricultural or horticultural use and to have been so devoted for at least the 2 successive years immediately preceding the tax year in issue, shall, for local tax purposes, on application of the owner, be that value which such land has for agricultural or horticultural use. (Emphasis supplied)
In response to this constitutional mandate the Legislature adopted the Farmland Assessment Act of 1964 incorporating therein the constitutional language referred to above. N.J.S.A. 54:4-23.2 provides:
For general property tax purposes, the value of land, not less than 5 acres in area, which is actively devoted to agricultural or horticultural use * * * shall * * * be that value which such land has for agricultural or horticultural use. [Emphasis supplied]
N.J.S.A. 54:4-23.6 provides, in pertinent part:
Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications:
(a) It has been so devoted for at least the 2 successive years immediately preceding the tax year for which valuation under this act is requested;
(b) The area of such land is not less than 5 acres when measured in accordance with the provisions of section 11 hereof; [Emphasis supplied]

* * * * * * * *
The intent of both the constitutional amendment and the implementing statutory enactments is clear. Any *187 land qualifying for valuation under the Farmland Assessment Act of 1964 must be "actively devoted to agricultural or horticultural use" and must be not less than five acres in size. Hence, the five-acre minimum must be actively devoted to agricultural or horticultural use as those terms are defined in the act. The Division of Tax Appeals concluded that, on the basis of the proofs adduced, five acres were not being actively devoted to such use. Substantial evidence supports that determination and appellate interference therewith is unwarranted. The same disposition is made with respect to taxpayer's contention concerning its proof of income. Sole reliance is placed upon DiMuzio's unsubstantiated testimony of his gross sales and that about half of those sales were attributable to the subject premises. The Division's refusal to credit this testimony does not provide the proper occasion for a reversal. State v. Johnson, 42 N.J. 146, 162 (1964).
Taxpayer's remaining contentions lack merit.
Affirmed.