This is a proceeding involving a claim for a farmland assessment pursuant to N.J.S.A. 54:4-23.1. The Monmouth County Board of Taxation denied the claimed assessment and petitioner Leo Kugler appealed to the Division of Tax Appeals. The matter was assigned to this court for determination.
Petitioner appeared pro se. He testified that the property in question was Block 820, Lot 15, of the Wall Township tax map and consisted of 11.48 acres. He stated that he started farming the property in 1970 but that the horticultural products from his endeavors did not produce $500 in gross sales for any calendar *Page 12 
year until 1975. The income received by Kugler was $629 for 1975, $630 for 1976 and $536 for 1977. However, on cross-examination he could not provide any records to substantiate his sales other than statements showing that sales tax had been paid to the State of New Jersey for the years stated.
Kugler estimated that he actually used an acre to an acre and one-half for plantings of azaleas (shrubs), and yews (evergreen shrubs); that four acres constituted uncultivated woodland and approximately six acres were located in a flood plain, which latter acreage produced nothing of horticultural or agricultural value. Petitioner further stated that he sold azaleas and yews at retail during three or four weekends each year around Mother's Day. He retired from active labor in 1975. His cultivation and the resultant retail sales constituted his retirement activity. There was testimony that he had had the property for sale for some four years and that it had been listed for sale with two area real estate brokers during this period. He conceded that not five acres were devoted to planting of azaleas and/or yews, but he asserted that the woodland supported the growing of the shrubs and therefore there was sufficient acreage actively devoted to a horticultural use in order to comply with the statutory requirement for farmland assessment.
Petitioner submitted his application for farmland assessment on July 29, 1976, and according to the FA 1 form (Application for Valuation under the Farmland Assessment Act) it was disapproved by the tax assessor for the taxing district on July 30, 1976.
Joseph A. Montana, Tax Assessor for Wall Township, testified that as a result of a number of inspections of the subject property, he denied petitioner's claim because there was not sufficient acreage being actively devoted to an agricultural or horticultural use. He acknowledged that approximately one acre had plants on it but that he found no evidence that azaleas or yews were actually being actively planted and removed for sale. He further stated that there was a sign on the property which indicated only that the real property was for sale, but *Page 13 
there was no indication that any plants or shrubbery were for sale. He also testified that he never observed anyone ever selling plants from the property in question at any time. The assessor finally stated that the woodland was not necessary to support the approximately one acre of plantings; that there were other areas within the township where azaleas were grown that did not need woodland for protection or support, and that the woodland in question was not reasonably required for the purpose of maintaining the land actually devoted to horticultural use.
In order to be entitled to an assessment on a farmland basis the taxpayer has the burden of establishing that the following conditions have been met. N.J.S.A. 54:4-23.2 et seq.:
1. The applicant must own the land in question.
 2. The land must consist of at least five acres, which land must be devoted to agricultural or horticultural use.
 3. The land must have been devoted to such use for at least two years prior to the tax year.
 4. Gross sales of products from the land must total at least $500 a year.
5. The owner must apply for the farmland assessment.
The only really disputed area seems to be with regard to condition 2 above. Petitioner admits that he did not utilize five acres for the actual production of azaleas and yews for resale. Must he?
Our Appellate Division has ruled that a taxpayer must actively devote a minimum of five acres to agricultural or horticultural use in order to be entitled to a farmland assessment. FranklinEstates v. Edison Tp., 142 N.J. Super. 179 (App.Div. 1976). The court there said:
 The intent of both the constitutional amendment and the implementing statutory enactments is clear. Any land qualifying for valuation under the Farmland Assessment Act of 1964 must be "actively devoted to agricultural or horticultural use" and must be not less than five acres in size. Hence, the five acre minimum must be actively devoted to agricultural or horticultural use as those terms are defined in the act. [at 186]
It is clear, and I find on the proofs submitted, that five acres were not actively devoted to the production of azaleas and yews for resale. The question then becomes whether petitioner meets *Page 14 
the requirement of five acres because of his contention that a certain amount of woodland is necessary to support the horticultural use.
N.J.A.C. 18:15-6.2(a)(6) is of assistance in this regard. It provides that land is devoted to an agricultural or horticultural use if it is,
 Devoted to woodland appurtenant to land in agricultural or horticultural use and reasonably required for the purpose of maintaining the land in such use.
In Andover Tp. v. Kymer, 140 N.J. Super. 399 (App.Div. 197 6), the Court indicated that an entire tract under appeal may be entitled to a farmland assessment even though only a portion of it is being farmed, as long as the taxpayer can demonstrate that the tract basically is in fact dominantly devoted and dedicated to the statutory use and the requirement as to five acres or more has been met. If more than five acres is actively devoted to a proper use, then the remaining portion of the tract may also be given the tax advantage so long as it is a part of, appurtenant to and reasonably required for the purpose of maintaining the land devoted to farm use. Andover Tp., supra;Wiesenfeld v. South Brunswick Tp., 166 N.J. Super. 90
(App.Div. 1979).
The evidence proffered by petitioner does not sustain the burden required of him. He has not adequately established that the appurtenant woodland is in fact reasonably required for the purpose of maintaining the horticultural use of approximately one to one and one-half acres of land devoted to azaleas and yews. I find the petitioner does not qualify under the Farmland Assessment Act because the amount of land actually devoted to a horticultural use was much less than five acres. Additional woodland, uncultivated, unused and unneeded for the primary function of the production of shrubs, cannot be added on to bring petitioner within the statutory five-acre requirement.
I direct that judgment be entered for 1977 dismissing the petition and affirming the judgment of the Monmouth County Board of Taxation. *Page 15