EDWIN W. AND ABIGAIL M. MASON, PLAINTIFFS, v. TOWNSHIP OF WYCKOFF, DEFENDANT.

Tax Court of New Jersey

August 26, 1980.

*John D. Morrison* for plaintiffs.

*Samuel M. Lyon, Jr.*, by *James W. Miskowski*, for defendant.

SIMPSON, J. A. D. (temporarily assigned).

Plaintiffs, the owners of approximately 8.4 acres of land known as Lots 11 and 12 in Block 497 on the Township of Wyckoff Assessment and Tax Map, appeal from 1975, 1976, 1978 and 1979 rejections of their applications for farmland assessment pursuant to *N.J.S.A.* 54:4–23.1. Appeals to the Bergen County Board of Taxation also failed and there have been timely appeals to the former Division of Tax Appeals and the Tax Court. Although application for farmland assessment was made to the assessor in 1977 and the rejection appealed to the Bergen County Board of Taxation, there was no timely appeal of these adverse determinations to the Division of Tax Appeals. The lots are contiguous and located in the RA district under the

Wyckoff Zoning Ordinance, that requires a minimum of 25,000 square feet of land on which to build a residential home.

A private street known as Deep Brook Road runs from Grandview Avenue to the house built by plaintiffs in 1941 on a portion of Lot 12. Smaller Lots 8, 9 and 10, owned by others, also front on Deep Brook Road and have private residences located thereon. Plaintiffs' Lots 11 and 12 front on this private street, as well as a 24 by 36 foot building located nearby plaintiffs' house. Although referred to as a "barn" by plaintiffs and as a "garage" by the assessor, there is a garage for cars under the house and this accessory building is used to store a tractor, cultivator, and hand agricultural tools such as pitchforks, stoneforks, graders, roto–tillers, moldboard plows, etc. Deeper Voll Brook flows through Lot 12 in a general north–south direction on the easterly side of the house and accessory building. In some areas the brook is approximately 40 feet below the level of the buildings, creating what was referred to as a "ravine area" of approximately two and a half acres. Approximately one and a half to two acres of the most westerly portion of Lots 11 and 12 (and also being west of Deep Brook Road, the house, and the accessory building) have been under cultivation since about 1966. Small, ornamental or "exotic" shrubs and Japanese pine trees are grown on a portion of this cultivated land and the balance contains winter cover in preparation for the future planting of seedlings. With respect to this cultivated portion of Lots 11 and 12 it is undisputed that there have been sales of evergreens since 1953 in excess of the minimum average gross sales requirement, under *N.J.S.A.* 54:4–23.5, of $500 per year of horticultural products for possible farmland assessment. The balance of the acreage adjacent to the cultivated land and surrounding the house and accessory building (with the exception of a small portion of the land near the house and containing the usual lawn, private vegetable 'garden, etc.) was referred to as "woodlands" or a "hard wood area" containing mostly oak, beech and maple trees. Although a few trees have been cleared where several were too close together to permit proper growth, there has never been a

forestry plan, lumbering operation or sale of cord wood. And while plaintiff Edwin Mason testified that the "woodlands" might be logged in the next ten years, there was no evidence that the "woodlands" or "ravine area" were in any way required to maintain the cultivated lands in horticultural use.

In summary, of the 8.4 acres of land no more than two acres are actively under cultivation, with about four acres being "woodlands" (including the house and accessory building) and approximately 2½ acres are unusable and known as the "ravine area." The only real issue is whether the plaintiffs can aggregate the "woodlands" and/or "ravine area" with the maximum of two acres under cultivation in order to meet the minimum required five acres for farmland assessment purposes. It is agreed that the cultivated area qualifies as horticultural use under *N.J.S.A.* 54:4–23.4. It is also agreed that in each year there was at least $500 of gross horticultural product sales as required by *N.J.S.A.* 54:4–23.5. The requirement of two successive years' horticultural use preceding the tax year for which farmland assessment is requested, pursuant to *N.J.S.A.* 54:4–23.-6(a), is also undisputed as to the cultivated area. The issue, as already noted, is whether a sufficient area of land meets the five acre requirement of *N.J.S.A.* 54:4–23.6(b) utilizing additional lands includable for measurement purposes pursuant to *N.J. S.A.* 54:4–23.11.

*N.J.S.A.* 54:4–23.2 permits farmland assessment where not less than "5 acres in area" are "actively devoted to agricultural or horticultural use." Measurement of qualifying land, under *N.J.S.A.* 54:4–23.6(b) is pursuant to *N.J.S.A.* 54:4–23.11 that provides:

> In determining the total area of land actively devoted to agricultural or horticultural use there shall be included the area of all land under barns, sheds, silos, cribs, greenhouses and like structures, lakes, dams, ponds, streams, irrigation ditches and like facilities, but land under and such additional land as may be actually used in connection with the farmhouse shall be excluded in determining such total area.

Plaintiffs, in seeking to aggregate part or all of the "woodlands" and/or "ravine area" with the cultivated land to meet the minimum 5 acre requirement, rely upon *Andover Tp. v. Kymer*,

140 *N.J.Super.* 399, 356 *A.2d* 418 (App.Div.1976). The reliance is misplaced, however, since more than five acres were there used for agricultural purposes, and the issue concerned additional acreage not under active cultivation, but found to be reasonably necessary to maintain the farm for agricultural use. The court stated, at pp. 403–404, 356 *A.2d* 418:

Under these circumstances the special farmland tax treatment is not limited to that part of the tract shown to be used for an agricultural purpose—*i. e.*, only the fertile or cultivated area of the farm. Woodland, wet areas and other acreage having a marginal value for agricultural or horticultural use may also be given such tax advantage, *as long as it is part of, appurtenant to, or reasonably required for the purpose of maintaining the land actually devoted to farm use*, particularly where it has been part of the farm for a number of years. [at 403, 356 *A.2d* 418; footnote omitted].

In the present case no portion of the land was used for a purpose other than farming. The woodland and the swampy areas, and the rocky terrain have been part of the farm and considered as such for many years. We cannot say that this marginal land was not part of or appurtenant to the farm, or was not reasonably necessary to maintain the farm for agricultural use.

Pursuant of *N.J.S.A.* 54:4–23.21 the Director of the Division of Taxation has issued regulations to effectuate the purposes of the Farmland Assessment Act of 1964 and the relevant regulation is *N.J.A.C.* 18:15–6.2(a)6:

(a) "Devoted to agricultural or horticultural use" means land:

. . . . . . . .

6. Devoted to woodland appurtenant to land in agricultural or horticultural use and reasonably required for the purposes of maintaining the land in such use.

Accordingly, plaintiffs' lands do not qualify for farmland assessment because:

1. There are not at least 5 acres in area "actively devoted to agricultural or horticultural use." *N.J.S.A.* 54:4–23.-2; *Franklin Estates v. Tp. of Edison,* 142 *N.J.Super.* 179, 361 *A.2d* 53 (App.Div.1976).

2. The minimum 5 acre requirement is not met by aggregating contiguous "woodlands" because same were not reasonably required for maintaining the cultivated area in horticultural use. *Andover Tp. v. Kymer, supra; N.J.A.C.* 18:15–6.2, *supra; Wiesenfeld v. South Brunswick Tp.,* 166 *N.J.Super.* 90,

398 *A.*2d 1342 (App.Div.1979);  *Kugler v. Tp. of Wall,* 1 *N.J. Tax*
10 (Tax Ct. 1980).

■ 3.   The "ravine area" does not meet the requirements of
*N.J.S.A.* 54:4–23.11 for possible aggregation with the cultivated
area;  and even if it did, the resulting total qualifying area
would still be less than the minimum required 5 acres.

Judgment for defendant.[1]

---

[1]To preclude the necessity of a retrial in the event of reversal on any further
appeal, the parties have stipulated appropriate farmland assessment valua-
tions.  *N.J.S.A.* 54:4–23.7 and 54:4–23.12.