THE TRUSTEES OF THE STEVENS INSTITUTE OF
TECHNOLOGY, PLAINTIFF, v. CITY OF HOBOKEN,
DEFENDANT (4 CASES).

Tax Court of New Jersey

November 12, 1980.

*John J. Hanlon, Jr.* for plaintiff The Trustees of Stevens Institute of Technology.

*Herbert H. Fine* for defendant City of Hoboken.

CRABTREE, J. T. C.

These are local property tax cases wherein plaintiff claims tax exemption for the years 1973 through 1975 and 1977 through 1979 with respect to four properties located on its campus in Hoboken. Those properties, legal title to which is in the plaintiff, are known as 805 Castle Point Terrace (Block 236, Lot 2), 806 Castle Point Terrace (Block 237, Lot 20), 802 Castle Point Terrace (Block 237, Lot 22) and 809 Castle Point Terrace (Block 236, Lot 4). The Hudson County Board of Taxation upheld the assessments for all properties for all years.

Plaintiff claims exemption under *N.J.S.A.* 54:4–3.26 on the ground that beneficial ownership of the subject properties is in certain Greek–letter social fraternities, which use and occupy the properties as fraternity houses. Plaintiff claims in the alternative that the properties are entitled to exemption pursuant to *N.J.S.A.* 54:4–3.6 on the ground that they serve as student dormitories and are thus used for educational purposes within the purview of the general exemption statute.

Each of the four properties in question is occupied by a social fraternity, the members of which matriculate at Stevens Institute. The properties were demised to the fraternities pursuant to written leases commencing at various dates between July 1, 1961 and September 1, 1966. The fraternities have been in continuous possession of the demised premises since the inception of those leases, paying rent to the plaintiff at stated intervals. The properties located at 805 Castle Point Terrace and 809 Castle Point Terrace were demised to Theta Xi and Delta Tau Delta Society, respectively at about the same time as those fraternities sold other neighboring properties to the plaintiff in interdependent transactions. No such related conveyances were involved in the demise of 802 Castle Point Terrace and

806 Castle Point Terrace to Pi Lambda Phi or Sigma Nu, respectively.

None of the written instruments governing the aforementioned transactions contains provisions vesting purchase rights in the lessee, creating a trust relationship between the parties or otherwise indicating that beneficial ownership resided in the lessee fraternity.

All the leases except the Delta Tau Delta lease prohibited occupancy of the demised premises by any person not a member of the lessee fraternity. Concerning all the demised properties, there is no evidence that any non–member student was permitted to reside therein; nor does the record disclose retention of control by the plaintiff of assignments of living accommodations in the leased fraternity houses.

Plaintiff's claim for exemption rests primarily on the provisions of *N.J.S.A.* 54:4–3.26, which exempts from taxation real property used in the work and for the purposes of a fraternal organization provided, among other things, that "legal or beneficial ownership of such property" is in such organization. It is undisputed that legal title to the properties involved is in the plaintiff. Assuming without deciding that the lessee fraternities meet the other statutory exemption requirements, I find that beneficial ownership of those properties was not in the lessee fraternities. As stated above, the governing instruments (leases, deeds and contracts of sale) contained no provisions creating a trust relationship or giving any fraternity an option to purchase the leased property. The properties at 805 Castle Point Terrace and 809 Castle Point Terrace are leased on a month–to–month basis, while the other two properties are leased from year to year. Black's Law Dictionary 142 (5th Ed. 1979) defines a beneficial owner as "[o]ne who does not have title to property but has rights in the property which are the normal incident of owning the property." The evidence reveals that none of the lessee fraternities possesses any incident of ownership in the demised properties. Certainly, *de facto* possession and enjoyment over an extended period of time pursuant to

the terms of month–to–month and annual leases is not equivalent to ownership.

As there is no beneficial ownership in the lessees of the subject properties, plaintiff's exemption claim under *N.J.S.A.* 54:4–3.26 must fail. *Sons of Veterans Building Association v. Paterson*, 19 *N.J.Misc.* 106, 17 *A.2d* 554 (State Board of Tax Appeals 1941).

■ Plaintiff's claim under the general exemption statute, *N.J.S.A.* 54:4–3.6 fares no better. Plaintiff urges that the leased premises fill a critical need for student dormitory facilities and thus are exempt as property used for educational purposes within the purview of the general exemption statute. The fact remains, however, that access to living accommodations in the subject properties is limited to members of the lessee fraternities. The applicable leases expressly deny to plaintiff the right to assign those accommodations to students who were not members of the fraternities.

■ It is axiomatic that all property must bear its just and equal share of the public tax burden; and exemption statutes, representing a departure from the norm, are most strongly construed against exemption claimants. *Princeton University Press v. Princeton*, 35 *N.J.* 209, 172 *A.2d* 420 (1961); *Bloomfield v. Academy of Medicine of New Jersey*, 47 *N.J.* 358, 221 *A.2d* 15 (1966). This established principle of law has been applied to deny exemption to school–owned properties leased to social fraternities where, as here, the educational institution has no control over the assignment of living accommodations. *Knox College v. Board of Review*, 308 *Ill.* 160, 139 *N.E.* 56 (Sup.Ct. 1923); *People ex. rel. Cornell v. Thorne*, 184 *Misc.* 630, 57 *N.Y.S.* 2d 6 (Sup.Ct. 1945); *Cornell University v. Board of Assessors*, 24 *A.D.2d* 526, 260 *N.Y.S.2d* 197 (App.Div. 1965). I find the rule of law expressed in the cited cases to be eminently sound and I adopt it as the rule applicable to the instant case. A contrary holding would be inharmonious with the rules of strict construction for exemption claims.

Accordingly, I find that the subject properties are not entitled to exemption under *N.J.S.A.* 54:4–3.6 as property used for educational purposes.

The Clerk of the Tax Court is directed to enter judgment in accordance with this opinion.