EVERS, J. T. C.
Cairola-Barber Post No. 2342, Inc. (VFW) seeks an exemption from real estate taxation pursuant to N.J.S.A. 54:4-3.5 entitled “Exemption of Property Used For Military Purposes.” This previously exempt property was returned to the tax rolls by the Borough of Fort Lee (borough) assessor pursuant to N.J.S.A. 54:4-63.31 et seq. which provides for the assessing of omitted property. An interpretation of both statutes under the circumstances of this matter and a collateral question concerning the timeliness of VFW’s 1976 appeal are presented to the court as a result of cross motions for summary judgment.
VFW, which conducts a Veterans of Foreign Wars post on the subject premises, argues that the borough assessor’s failure to comply with the statutory notification (that VFW’s property was being returned to the tax rolls) requirement entitles it to judgment. Borough contends that because a portion of VFW’s property is leased for non-military purposes, it is entitled to summary judgment. The undisputed facts follow.
Prior to August 1976, when it submitted a further statement pursuant to N.J.S.A. 54:4-4.4, VFW was found to be exempt from real estate taxation. Upon investigation of the premises, the assessor determined that, in addition to VFW purposes, the building was used as a phonograph record shop, Karate school and Chinese restaurant. Concluding that such uses, or any non-military use, prohibited a continuation of the exempt status, the assessor denied the application and levied an assessment against the property. The amount of assessment is not in issue.
Borough claims that VFW was aware of the exemption denial and placement of its property on the omitted list through conversations between VFW representatives and the assessor. Borough avers that further notification was afforded to VFW by means of a letter sent by regular mail. VFW answers that its first notice of the placement of its property on the omitted list was received in mid-December 1976 when it received a tax bill.
*266 In August 1977 VFW contested the taxable status of its property to the Bergen County Tax Board for the 1976 and 1977 tax years. In October 1977, prior to any action by the county tax board, VFW pursuant to N.J.S.A. 54:4 — 4.4, filed an initial statement seeking an exemption from taxation, an action which clearly bespeaks VFW’s understanding that with respect to 1977 its property was no longer exempt. That statement contained an acknowledgement that VFW derived monthly rental income of $1,255.00 through leases of part of the premises for the aforementioned uses. In October 1977, again by regular mail, the assessor denied the requested exemption. From denials of its appeals for 1976 and 1977 by the county tax board, VFW brought these appeals to the Division of Tax Appeals, which appeals were subsequently transferred to the Tax Court pursuant to N.J.S.A. 2A:3A-26. While it initially included 1976 and 1977 in its motion for summary judgment, VFW subsequently advised the court that its motion with respect to 1977 was withdrawn.
Borough initially contended that the 1976 appeal, filed with the county board in 1977, was untimely but, at oral argument, represented that it would not pursue such objection. In the view taken of this matter such reluctance by the borough is of no consequence.
For purposes of deciding these motions, the court accepts as fact that the first notice of the return of the subject premises to the tax rolls was received by VFW in mid-December 1976 by way of the tax bill.
In returning the property to the tax rolls, borough’s assessor proceeded pursuant to N.J.S.A. 54:4-63.31 et seq., effective March 3, 1976, which provides for an alternative method of assessing omitted property.[1] N.J.S.A. 54:4-63.31 provides that in any tax year or in the next succeeding tax year and on October 1 in any year in which prior thereto omitted property *267 has been assessed, an assessor’s omitted list shall be filed with the county board which shall then review same and return a corrected duplicate thereof to the assessor and tax collector on or before October 10. As soon as the duplicate list is received the assessor, by certified mail, shall notify the property owner that an omitted assessment has been made and that the amount of tax due may be ascertained from the tax collector. Simultaneously the tax collector, upon receipt of the omitted list (no later than October 10), shall complete the work of preparing, mailing and delivering the tax bills to the owner which task shall be completed at least one week prior to November 1.[2] Neither the validity of the tax nor payment due date shall be affected by reason of the taxpayer’s failure to receive a timely tax bill provided the property owner has received notice of such assessment from the assessor by certified mail. The statute further provides that such taxes shall be payable on November 1 of the year of levy and further that appeals from omitted assessments shall be made to the county board no later than December 1 of the year of levy. The county board shall hear such appeals within one month after the filing date.[3]
A literal interpretation of the act effectively disposes of two issues raised in this proceeding. First it is clear that the 1976 appeal was timely brought. It is obvious that, assuming an omitted assessment for 1976 was made prior to October 1, 1976, VFW received no notice of such assessment as required by statute. For this property owner to have contested the assessment by December 1, 1976, (the year of the levy), it is clear that VFW was entitled to receive either the tax bill from the collector one week prior to November 1 or a certified letter from the assessor advising it of the assessment soon after October 10. The failure of the former is excused only through compliance *268 with the latter requirement. Acquiescence of a court in the borough’s non-compliance of both statutory requirements would effectively deprive it of jurisdiction by reason of the taxpayer’s failure to timely file its complaint with the county board. Such circumstance was obviously not within the contemplation of the legislature and will not be countenanced by the court.
Secondly a literal reading of the act must lead to the conclusion that borough’s failure to comply with the notice requirement does not, in itself, entitle VFW to a judgment. The statute provides for the making of an omitted assessment in any tax year or in the next succeeding year. Clearly the notice defect in 1976 could be remedied through the simple expedient of filing under the Omitted Assessment Act in the following year. VFW’s recognition of such compliance in 1977 was clearly evidenced by its filing of a new application for exemption in 1977.
An even more compelling reason for denying VFW’s motion is found in the philosophy of the Appellate Division enunciated in Franklin Estates, Inc. v. Edison Township, 142 N.J.Super. 179, 361 A.2d 53 (App.Div.1976), aff’d. 73 N.J. 462, 375 A.2d 658 (1977). Although in Franklin the taxpayer’s complaint concerned the late filing of a denial of a farmland assessment application by the assessor, the rationale underlying the court’s denial of taxpayer’s claim is appropriate here. The court stated:
The notice requirement being considered clearly relates to procedure, the form and manner in which claims for farmland assessments are to be handled and is merely an incident to the achievement of the essential legislative end sought to be obtained. No private benefit is insured by strictly requiring notice by a given date as a condition to rejecting a claim; no prejudice has been claimed or suffered by the taxpayer by the delay in the notice. Nor does strict compliance with notice provision provide public benefit; indeed, the public interest would be prejudiced by an unwarranted grant of farmland valuation simply because a late notice, which prejudices no one, has been given. We therefore conclude that a late notice of disallowance of a claim for farmland valuation does not result in an automatic grant of such status in the absence of evidence that the delay has prejudiced the taxpayer, at 184-185.
Accord. Preparatory Temple v. Seery, 81 N.J.Super. 429, 195 A.2d 900 (Ch.1963).
The normal sense of the word “shall” should not be accepted if by so doing the door to miscarriages of justice would be open. *269 Jersey City v. State Board of Tax Appeals, 133 N.J.L. 202, 43 A.2d 799 (E. & A. 1946). The foregoing principles must of course be viewed in light of the settled rule that statutes granting exemption from taxation are most strongly construed against those claiming the exemption. Princeton University Press v. Princeton, 35 N.J. 209, 172 A.2d 420 (1961). Accordingly, VFW’s motion for summary judgment is denied.
Borough’s motion is based on an interpretation of N.J.S.A. 54:4-3.5 by which the use of the premises for non-military and/or non-veteran purposes would disqualify it from exemption under that statute. For further support of that position it relies on Park Ridge v. Pascack Valley Post No. 153, 20 N.J.Misc. 97, 24 A.2d 818 (Board of Tax Appeals, 1942). N.J.S.A. 54:4-3.5 states:
Real estate or personal property owned and used for military purposes by any organization under the jurisdiction of this state, shall be exempt from taxation under this chapter on condition that all income derived from the property above the expense of its maintenance and repairs shall be used exclusively for such military purposes ;[4] and any building, real estate or personal property used by an organization composed entirely of veterans of any war of the United States shall be exempt from taxation under this chapter.
To be noted is the fact that the Act consists of two parts. The first part, which was adopted in 1918, deals with property owned and used for military purposes and provides that net income must be used exclusively for military purposes. Part two was adopted in 1921 and deals with property used by an organization composed entirely of veterans of any war of the United States, [emphasis supplied].
In construing N.J.S.A. 54:4-3.5, in Pascack Valley, the Board of Tax Appeals held that Sons of Veterans' Building Association v. Paterson, 19 N.J.Misc. 106, 17 A.2d 554 (State Board of Tax Appeals, 1941) controlled the matter. In Paterson however the board considered yet another exemption statute, N.J.S.A. 54:4-3.25, adopted in 1936 which, in pertinent part, states:
All ... property used in the work and for the purposes of .. . veterans organizations ... shall be exempt from taxation ... if the legal or beneficial *270 ownership of said property is in ... said organization. L. 1936, C. 149, § 1, p. 351, suppl. to L. 1918, C. 237, p. 847.
In Paterson, where a portion of the building was rented and used as a public barber shop, it was held that such use deprived the property of the right to exemption. It distinguished those situations where the property was occasionally permitted to be used by other organizations or devoted to commercial pursuits by the owner-organization from a case where there was a permanent occupation for purposes not exempted. Clearly the language of N.J.S.A. 54:4-3.25 to the effect that property to be exempt, must be used in the work and for the purposes of the veterans’ organization disqualified the property from exemption.
In Pascack however, where part of the premises were rented to third parties for public use, the organization’s claim for exemption rested in the alternative on the provisions of N.J.S.A. 54:4-3.5 and N.J.S.A. 54:4-3.25. Clearly because the property was not used for military purposes it could not qualify for exemption under the provisions of the first part of N.J.S.A. 54:4-3.5. Pursuant to the decision in Paterson it was also clear that the property was not used in the work and for the purposes of the veterans’ organization and thus could not qualify for exemption pursuant to N.J.S.A. 54:4-3.25. However, in spite of the absence of any such restrictive language in part two of N.J.S.A. 54:4-3.5 the board held that its adjudication in Paterson controlled and thus denied the claim because the property was not used in the work and for the purposes of the veterans’ organization. No explanation was given as to how it was found that the language of N.J.S.A. 54:4-3.25 controlled the language found in part two of N.J.S.A. 54:4-3.5. It would appear therefore that borough’s reliance on Pascack is misplaced. A search for the legislative intent and for other court opinions construing part two of N.J.S.A. 54:4-3.5 was to no avail. Thus the court must turn to other means to determine this issue within the framework of the existing statutory law.
Without more it would appear that the language of part two of N.J.S.A. 54:4-3.5 represents the most liberal of our state’s many exemption statutes. The only qualifications to be satis *271 fied are first, the property must be used by a veterans’ organization and second, the organization must be composed entirely of veterans of any war of the United States. Absent from the statute are the qualifying words and phrases found in other exemption statutes. N.J.S.A. 54:4-3.3 allows the exemption of public property only “if not used for private purposes.” Passaic Valley Sewerage Commission property, pursuant to N.J.S.A. 54:4-3.4, is exempt if acquired “for use as part of or in connection with a main interrupting or trunk sewer.” The non-profit organization statute, N.J.S.A. 54:4-3.6 employs differing qualifying language depending on the organization and the use to which the property is devoted. The first category includes the buildings and lands “actually and exclusively used for” organizations organized “exclusively for” the moral and mental improvement of men, women and children; for religious, charitable or hospital purposes; and for the other uses and purposes set forth therein. The second group includes the lands and buildings “actually used for” colleges, schools, academies, seminaries and the other uses and purposes set forth in the statute. Other categories in that act pertain to property “actually occupied” as a parsonage and all property “owned and used” by any non-profit corporation in connection with its curriculum, work, care, treatment and study of the feeble minded and the like.
Where the legislature has comprehensively addressed an area of the law, as is the case with exemptions, it must be assumed that it meant what it wrote since, in construing a tax statute, significance must be ascribed to clearly intelligible and declaratory words of the statute and it must be assumed that they were used purposely. Wilentz v. Hendrickson, 133 N.J.Eq. 447, 33 A.2d 366 (Ch.1943), aff’d. 135 N.J.Eq. 244, 38 A.2d 199 E. & A. 1944).
It might appear therefore that the legislature deliberately omitted inserting the rather restrictive language of other tax exemption statutes in part two of N.J.S.A. 54:4-3.5 in order to provide a very broad scope of exemption to veterans’ organizations. However, such deliberate omission could very easily lead to grave abuses of the underlying intent of tax exemption *272 statutes. For example, there would exist no prohibition against a veterans’ organization acquiring a substantial building, occupying a room therein, renting the balance for profit and yet qualifying the entire property for exemption from real estate taxes. Obviously the largesse of the legislature was not intended to reach that far. Yet, in adopting NJ.S.A. 54:4-3.25 without repealing or amending N.J.S.A. 54:4-3.5, it is just as obvious that the legislature did not intend to be as restrictive with respect to veterans’ organization claims as it is toward other possible qualifiers for tax exemption. It cannot be assumed that the failure of the legislature to modify, amend or repeal NJ.S.A. 54:4-3.5 when it enacted NJ.S.A. 54:4-3.25 which dealt with the same subject matter, was unintentional and was simply the result of an oversight. To the contrary it must be assumed that the legislature meant exactly what it said in adopting, and leaving untouched for over 50 years, the language of part two of NJ.S.A. 54:4-3.5 to the effect that property used by veterans’ organizations be exempt. Such construction necessarily leads to the conclusion that even if the entire property is not so used the exemption is not entirely lost.
In support of that construction is the action of the legislature in 1977[5] by which the portion of N.J.S.A. 54:4-3.6 dealing with colleges, schools, academies or seminaries was amended to allow a partial exemption where a “portion of the buildings are leased to profit-making organizations or [are] otherwise used for purposes which are not themselves exempt from taxation.” Such amendment was required because, in its original form, the statute provided for exemption to such institutions where the property was “actually” used by the institution. No such limiting language is found in N.J.S.A. 54:4-3.5 and thus no statutory direction is required for a grant of partial exemption.
In City of Long Branch v. Monmouth Medical Center, 138 NJ.Super. 524, 538, 351 A.2d 756 (App.Div.1976) the court, in reviewing a decision of the Division of Tax Appeals which had allowed a partial exemption to plaintiff hospital from real estate *273 taxes, concluded that there was no statutory authority supporting such action. In that matter the court and the Division were confronted with a statute, N.J.S.A. 54:4-3.6, which conditioned an exemption on “actual and exclusive use” of the premises by the applicant. Because part of the hospital building was rented to a retail pharmacy, it was obvious that the building was not “actually and exclusively used” for hospital purposes. Accordingly the court concluded that the Division was without statutory authority to grant a partial exemption. No such “active and exclusive” prohibition exists here.
The court accordingly concludes that it is fair, reasonable and in keeping with the apparent legislative purpose to grant an exemption to VFW for the portion of the premises used by it. As unrealistic as it may be to allow a complete exemption to such organizations in the circumstances previously noted, it is equally unrealistic to completely deny such relief where a portion of the premises is leased to a non-exempt user. Such a stance would defeat the obvious liberal attitude of the legislature toward veterans’ organizations with respect to real property taxation.
Accordingly, subject to appropriate proofs, VFW will be entitled to an exemption pursuant to N.J.S.A. 54:4-3.5 of that portion of its premises used by it. Borough’s motion is denied.

 Borough’s reliance on the old method found in N.J.S.A. 54:4-63.12, effective 1947, would not affect the court’s decision herein.

 Presumably October 24.

 Appeals to the Division of Tax Appeals were to have been filed within one month from the date fixed for final decision by the county board. However the act fixed no date for final decision by the county board.

 The words “or of the United States” which had followed the words “of this state” were stricken in 1944. L. 1944, C. 24, p. 64, § 2.

 L. 1977, C. 370, § 1.