HOPKINS, J. T. C.
Plaintiffs have appealed from a judgment of the Union County Board of Taxation which denied their claim to have certain property assessed as farmland pursuant to N.J.S.A. 54:4-23.1 et seq.
*452 Plaintiffs are the owners of property located in defendant taxing district and known as Block 153, Lot 13. It consists of a total of 5.96 acres and has located thereon a main residential structure and a small residential structure. It has an extended driveway from the street to each of the aforesaid residences. Subtracting an area of .6876 acres attributable to the two residences, including curtilages, and the driveway leaves a remaining area of approximately 5.27 acres. Of this remaining acreage approximately one acre constitutes a pond or swale which was described as a basin which accumulated runoff water during periods of rainfall and capable of being greatly reduced in size during periods of drought. It does not have a fresh water source. The northeast area of the lot was all wooded, and the southeast area was wooded as well as planted with pachysandra and myrtle plants. Approximately one acre or more of the land was covered with pachysandra and myrtle, and approximately three acres constituted woodland or land on which rhododendron plants were grown.
Checchio has described himself as an amateur horticulturist and stated that several years ago he purposely planted various types of shrubbery throughout the area with the intention of selling them after they had matured. . He further testified that it was his intention to cut and farm the woodland and that he had been in contact with a state agency with respect to advice on forestry.
Commencing on or before the tax year 1975, plaintiffs, together with their sons, began raising pachysandra for sale. The practice was to clip the new growth from the plants and put them in flats which were then left out until the cuttings developed roots. Mrs. Checchio testified that during each of the years 1975 through 1978 there was $600 or more realized on sales of pachysandra. While this business venture was primarily performed by the plaintiffs’ two sons, Mrs. Checchio was also involved.
The only records introduced to support the nursery business were cancelled checks, or a copy thereof, as follows:
*453 Maker Payee Amount
1975 J.S. Ashton John Checchio $ 60.00
G.V. Ashton John Checchio 65.00
G.V. Ashton John Checchio 100.00
Irma Fagan Cash 362,00
$587.00
1976 Raritan Supply
Co. John Checchio $295.00
Irma Fagan John Checchio 180.86
$475.86
1977 G.V. Ashton John Checchio $ 85.00
W.M. Schlegel Mark Checchio 100.00
$185.00
For each of the years 1975, 1976 and 1977 plaintiffs reported on their federal income tax return the following gross receipts and net income from their nurserv activities:
Gross Receipts Net Income
1975 $600 $25
1976 $725 $40
1977 $740 $90
In order to be entitled to farmland assessment, plaintiff has the burden of establishing compliance with the statutory conditions prescribed by N.J.S.A. 54:4-23.2 et seq., as follows:
1. The applicant must own the land in question.
2. The owner must make timely application for the farmland assessment.
3. The land must consist of at least 5 acres, which land must be devoted to agricultural or horticultural use.
4. The land must have been devoted to such use for at least 2 years prior to the tax year in issue.
5. Gross sales of produce from the land must total at least $500 a year or there is clear evidence of anticipated yearly gross sales and such payments amounting to at least $500.00 within a reasonable period of time.
*454 Of the aforesaid conditions, the only one which is not contested by defendant is that plaintiffs are the owners of the subject property.
While there is a presumption in favor of the original assessment, a similar presumption attaches to the judgment of the county tax board. This latter presumption stands until the county board determination is shown to be erroneous by sufficient competent evidence to the contrary. Passaic v. Botany Mills, 72 N.J. Super. 449, 454, 178 A.2d 657 (App.Div.1962), certif. den. 37 N.J. 231, 181 A.2d 13 (1962).
The application for farmland assessment was made on a form application received by the local tax assessor on August 1, 1977, and so it was timely filed. Defendant’s contention that the application, is defective because the applicants failed or refused to substantiate the required gross income is without basis for support. While such nonaction may be a basis for denial of the application, it cannot be considered a jurisdictional deficiency which would preclude review on the merits.
With respect to plaintiffs’ burden of proving at least $500 in gross income for the two previous years or clear evidence of anticipated yearly gross sales of at least $500 within a reasonable period of time, the proof thereof was lacking. The record shows that the sales of pachysandra were occasional sales and that there were no records kept of such business activity. The only evidence in support of such sales, other than the testimony of Mrs. Checcio, were copies of cancelled checks from third parties made payable to their children and, in one instance, payable to cash. No sales taxes have been paid to the State of New Jersey covering such sales. The fact that gross sales in excess of $500 were reported on plaintiffs’ income tax returns for the years 1975, 1976 and 1977, in corroboration of claimed gross sales in excess of $500 is considered to be of insufficient weight to satisfy plaintiffs’ burden of proof.
Further, I find that less than two acres of the subject property was devoted to the raising of pachysandra. The area of *455 woodland which constituted a substantial part of the 5.27 acres remaining after the elimination of the residences and driveways cannot, under these facts, be aggregated for the purpose of satisfying the 5 acre requirement. In Franklin Estates v. Edison Tp., 142 N.J. Super. 179, 361 A.2d 53 (App.Div.1976), aff’d 73 N.J. 462, 375 A.2d 658 (1977), it was stated:
The intent of both the constitutional amendment and the implementing statutory enactments is clear. Any land qualifying for valuation under the Farmland Assessment Act of 1964 must be “actively devoted to agricultural or horticultural use” and must be not less than five acres in size. Hence, the five-acre minimum must be actively devoted to agricultural or horticultural use as those terms are defined in the act. [142, N.J. Super., at 186-187, 361 A.2d 53]
Plaintiff’s testimony that it was his intent to get into forestry management and, assumably, utilize the woodland for agricultural purposes, is insufficient to meet the requirement of having said land “devoted” to agricultural purposes. Kugler v. Wall Tp., 1 N.J. Tax 10 (Tax Ct.1980).
Plaintiffs’ position is further undermined by the fact that the area involved includes a pond or swale of approximately one acre in size. This pond served as a basin to catch runoff water from the surrounding area. It did not have a fresh water source and, while there was some testimony that it was a source of water used to moisten the new plants, I find that it was not reasonably required for the purposes of maintaining plants under cultivation. Urban Farms, Inc., v. Wayne Tp., 159 N.J. Super. 61, 386 A.2d 1357 (App.Div.1978).
Plaintiff, however, relies upon N.J.S.A. 54:4-23.11, which provides as follows:
In determining the total area of land actively devoted to agricultural or horticultural use there shall be included the area of all land under barns, sheds, silos, cribs, greenhouses and like structures, lakes, dams, ponds, streams, irrigation ditches and like facilities....
A literal reading of the aforesaid statute could well support plaintiffs’ position. However, as Judge Learned Hand remarked in Guiseppi v. Walling, 144 F.2d 608, 624 (2 Cir. 1944), aff’d 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921 (1945), “[t]here is no surer way to misread any document than to read it literally. . . . ”
*456 Plaintiffs’ construction of N.J.S.A. 54:4-23.11 would bring under the farmland assessment provisions those lakes and ponds which were not devoted to agricultural or horticultural use.
That position requires the statute to be interpreted so as to violate the constitutional requirement for the special tax treatment of land actively devoted to agricultural or horticultural use. N.J.Const. (1947), Art. VIII, § I, par. 1(b), reads as follows:
The Legislature shall enact laws to provide that the value of land, not less than 5 acres in area, which is determined by the assessing officer of the taxing jurisdiction to be actively devoted to agricultural or horticultural use and to have been so devoted for at least the 2 successive years immediately preceding the tax year in issue, shall, for local tax purposes, on application of the owner, be that value which such land has for agricultural or horticultural use.
To read N.J.S.A. 54:4-23.11 as plaintiff would have it read would mean that the statute was attempting to include areas for farmland assessment which were not specifically authorized by the applicable constitutional provision. See East Orange v. Livingston, 102 N.J.Super. 512, 534, 246 A.2d 178 (Law Div. 1968), aff’d 54 N.J. 96, 253 A.2d 546 (1969), citing the legislative history of the Farmland Assessment Act and its dominant focus on agricultural land. Also, principles of constitutional construction permit no contrary interpretation where the terms of the State Constitution are unambiguous and clear. Fischer v. Bedminster Tp., 5 N.J. 534, 76 A.2d 673 (1950).
It must be remembered that there is a presumption that the Legislature acted with existing constitutional law in mind and intended the statute to function in a constitutional manner. State v. Profaci, 56 N.J. 346, 349-350, 266 A.2d 579 (1970); Lomarch Corp. v. Englewood, 51 N.J. 108, 237 A.2d 881 (1968). Said presumption requires the subject statute to be construed consistent with the constitutional requirement that the property be actively devoted to agricultural or horticultural use.
While it is recognized that a lake or pond may be reasonably related to the activity of the surrounding land, and so qualify as being actively devoted, the subject body of water had no reasonable relationship to the nursery activities upon which plaintiffs have rested their ease.
*457 As plaintiffs have failed to establish the requisite income and, further, as less than five acres were devoted to their nursery business, a judgment will be entered denying plaintiffs’ claim for farmland assessment.