HOPKINS, J. T. C.
This is an appeal from the judgment of the Passaic County Board of Taxation which affirmed the assessments of Block 504, *365 Lot 6, and Block 516, Lot 4. The properties were assessed as farmland. The issue is whether the properties’ farmland classification, for valuation purposes, was “cropland harvested” or “woodland.”
Defendant has moved to dismiss the appeal on the grounds that N.J.S.A. 54:3-27 and 54:2 39 require that taxes due for the year in question must have been timely paid in accordance with the provisions of N.J.S.A. 54:4-66. Plaintiff does not dispute that the taxes were not timely paid and recognizes that requirement by virtue of N.J.S.A. 54:3-27 and 54:2-39. See Powder Mill Associates v. Hamilton Tp., 3 N.J.Tax 439 (Tax Ct.1981). However, it contends that since the question here involves farmland, it is exempt from the required payment by virtue of N.J.S.A. 54:3-27.3, which states
Class 3B (Farm Qualified) and Class 15D, E and F (Exempt Property) in appeal where a statutory qualification is the subject of the appeal are exempt from those provisions contained in R.S. 54:3-27 and R.S. 54:2-39.
Defendant argues that the exemption applies only when the issue is “statutory qualification” and not, as here, when qualification is admitted and the issue is “classification” or category of value as provided by N.J.S.A. 54:4-23.7. That statute reads as follows:
Considerations of assessor in valuing land
The assessor in valuing land which qualifies as land actively devoted to agricultural or horticultural use under the tests prescribed by this act, and as to which the owner thereof has made timely application for valuation, assessment and taxation hereunder for the tax year in issue, shall consider only those indicia of value which such land has for agricultural or horticultural use. In addition to use of his personal knowledge, judgment and experience as to the value of land in agricultural or horticultural use, he shall, in arriving at the value of such land, consider available evidence of agricultural and horticultural capability derived from the soil survey data at Rutgers, the State University, the National Co-operative Soil Survey, and the recommendations of value of such land as made by any county or Statewide committee which may be established to assist the assessor.
The distinction between farmland “qualification” and farmland “classification” has been recognized inferentially in numerous cases. In Kugler v. Wall Tp., 1 N.J.Tax 10 (Tax Ct.1980), the court pointed out the statutory requirements for qualification. It was there stated:
*366 In order to be entitled to an assessment on a farmland basis the taxpayer has the burden of establishing that the following conditions have been met. N.J. S.A. 54:4-23.2 et seq.:
1. The applicant must own the land in question.
2. The land must consist of at least five acres, which land must be devoted to agricultural or horticultural use.
3. The land must have been devoted to such use for at least two years prior to the tax year.
4. Gross sales of products from the land must total at least $500 a year.
5. The owner must apply for the farmland assessment, [at 13]
See, also, Franklin Estates v. Edison Tp., 142 N.J.Super. 179, 361 A.2d 53 (App.Div.1976), aff’d 73 N.J. 462, 375 A.2d 658 (1977).
There is here no dispute that the subject properties qualify as farmland. By its terms, N.J.S.A. 54:4-23.7 clearly applies to the valuation of that farmland. The distinction between qualification and valuation was recognized in Sirota v. Howell Tp., 1 N.J.Tax 281 (Tax Ct.1980), which involved the question of whether N.J.S.A. 54:2-43 (Freeze Act) applied to a judgment of the Division of Tax Appeals where, as here, the only issue was valuation. It was there stated:
Under the Farmland Assessment Act, land is valued at its farmland value rather than at its full value in its highest and best use ... Qualification for farmland assessment depends upon compliance with statutory requirements of use and sales of agricultural or horticultural products ... Thus the Act involves a two step procedure, first, a determination of the qualified status and, second, the valuation of the property as farmland. The Freeze Act cannot be applied to grant qualification for farmland assessment status in succeeding years based upon such status in the base year for the freeze. The taxpayer must meet the status requirements in each year without the benefit of the application of the Freeze Act as in exemption cases. Boys Club of Clifton, Inc. v. Township of Jefferson, 72 N.J. 389, 371 A.2d 22 (1977). However, once qualified for farmland assessment, the issue of valuation arises. ... [at 284]
Applying the principle upon which the opinion in Sirota was based, statutory qualification for farmland is distinct from the determination of value as farmland. The N.J.S.A. 54:3-27.3 tax payment exemption applies to a farmland “statutory qualification” appeal. The subject property was assessed as farmland and so there is no dispute as to statutory qualification. Accordingly, N.J.S.A. 54:3-27.3 does not exempt plaintiff from the tax payments required to maintain this action.
The Clerk of the Tax Court will enter a judgment dismissing the complaint.