144 N.J. Super. 230 (1976)
365 A.2d 204
BUNKER HILL CRANBERRY CO., INC., PETITIONER-RESPONDENT,
v.
TOWNSHIP OF JACKSON, OCEAN COUNTY, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 21, 1976.
Decided October 4, 1976.
*232 Before Judges LORA, CRANE and MICHELS.
Mr. Joseph F. Martone, attorney for appellant.
*233 Respondent did not file brief.
The opinion of the court was delivered by LORA, P.J.A.D.
This is a farmland assessment case in which the Jackson Township assessor determined the land in question qualified for a farmland assessment and valued the approximately 260 acres at $56,870. The Ocean County Board of Taxation sustained the local assessor with respect to the farmland qualification, but reduced the assessment to $30,400,  105 acres of reservoir at $100 an acre, 110 acres of woodland at $50 an acre, and 45 acres of cranberry bogs at $320 an acre. The taxpayer further appealed to the New Jersey Division of Tax Appeals, and the trial de novo resulted in a judgment reducing the total assessment to $16,425.
The appellant Township of Jackson contends that under N.J. Const. (1947) Art. VIII, § 1, par. 1 (b), the "assessing officer of the taxing jurisdiction" is the sole and final authority empowered to determine whether lands are actively devoted to agricultural or horticultural use, so as to qualify for a farmland assessment and that the assessor's determination is reviewable only by a proceeding in lieu of prerogative writs in the Superior Court of New Jersey and not by the State Division of Tax Appeals. We disagree.
Nothing in the language of the constitutional amendment, the history of the constitutional referendum of November 5, 1963 or the history of the legislation passed pursuant to the mandate of the constitutional amendment reflects any intention to except farmland qualification and assessment cases from the statutory appeal process. See, The Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq. Report of the Governor's Farm Land Assessment Committee (March 20, 1963). Senate Committee on Revision and Amendment of Laws, Public Hearing on Senate Concurrent Resolution No. 16  proposing to amend Art. VIII, § 1, par. 1 of the State Constitution (April *234 15, 1963). Commission on State Tax Policy, Tenth Report (January 10, 1963).
The appellant next contends that the Division of Tax Appeals committed reversible error in allegedly refusing to decide de novo whether all of the petitioner's lands were entitled to a farmland assessment. While the preliminary colloquy between the trial judge and counsel indicates he was of the view that in the absence of a cross-appeal by the township, he did not have jurisdiction to review the county board's finding that all of the petitioner's lands qualified for farmland assessment, a reading of the entire transcript establishes that the trial judge did, in fact, consider and made specific findings on the farmland qualification issue. This was in accordance with the prescribed function of the State Division in its de novo hearings of individual tax appeals. Passaic v. Gera Mills, 55 N.J. Super. 73, 84 (App. Div. 1959), certif. den. 30 N.J. 153 (1959); Hackensack v. Rubinstein, 37 N.J. 39, 52 (1962), and Rek Investment Co. v. Newark, 80 N.J. Super. 552, 557 (App. Div. 1963).
Additionally, there is sufficient credible evidence in the record as a whole to support the trial judge's finding that the woodlands and reservoirs contiguous to the petitioner's cranberry bogs were "reasonably required for the purpose of maintaining the land in [agricultural] use," within the meaning of the regulations promulgated by the Director of the Division of Taxation to effectuate the purposes of the Farmland Assessment Act, and, as such, were within the comprehension of lands "actively devoted to agricultural use." Andover Tp. v. Khymer, 140 N.J. Super. 399, 402, 404 (App. Div. 1976); N.J.S.A. 54:4-23.21; N.J.A.C. 18:15-6.2(a)(6).
Appellant further contends that the trial judge, contrary to N.J.S.A. 54:4-23.7, erroneously considered the recommendations of the Farmland Evaluation Advisory Committee constituted pursuant to N.J.S.A. 54:4-23.20 as being conclusive on the question of the value of the farmlands. However, the record makes it clear that the trial *235 judge did not consider the Committee's recommendations as binding upon him or the assessor and that the township's assertion is apparently based upon a misinterpretation of a statement by the trial judge that "the tax assessor merely has to use the result of the Farmland Evaluating Committee recommendations." The remark, in its proper context, was merely an affirmation that the assessor may use the recommendations as he sees fit.
The only valuation evidence adduced in favor of petitioner's appeal for a reduced assessment was the report of the Farmland Evaluation Advisory Committee, which is based upon statistical surveys and establishes ranges of values for farmlands according to their location within the State. The township, on the other hand, presented evidence of the approximate value of the property in question arrived at by the capitalization of income method, based upon statistical summaries reported by the New Jersey Crop Reporting Service. The trial judge adopted the lowest assessment rate recommended by the Farmland Evaluation Advisory Committee for farmland in Ocean County, wherein the lands are located. However, its report does nothing more than establish ranges of suggested values for each of several classifications of farmlands in the various areas of the State. These values are designed as guidelines for the assessor, but it remains his ultimate responsibility to determine the assessed valuation of qualified farmland in accordance with the standards prescribed in the Farmland Assessment Act of 1964. Report of the State Farmland Evaluation Advisory Committee (October 1964).
The report does not provide an accurate means of attributing a specific value to a specific piece of property. It follows, then, that the trial judge's adoption of the lowest recommended value for farmlands in Ocean County, without more, in fixing the value of petitioner's farmlands, was totally arbitrary.
*236 Accordingly, the judgment of the Division of Tax Appeals, insofar as it provides that the lands of petitioner Bunker Hill Cranberry Co., Inc. are farmlands, is affirmed. The judgment of the Division of Tax Appeals, insofar as it adjudges the value of petitioner's farmlands, is reversed and the matter is remanded to the Division for further plenary hearing, findings of fact and determination of the value of petitioner's farmlands as of 1971. The parties may introduce additional valuation testimony at such hearing, if they so desire. We do not retain jurisdiction.