LARIO, J.T.C.
This is an appeal from a judgment of the Mercer County Board of Taxation granting to defendant a farmland roll-back tax assessment pursuant to N.J.S.A. 54:4-23.8. The main questions raised are whether roll-back taxes, normally imposed when a change in use occurs, apply to an owner previously granted tax exempt status from regular taxes by a taxing district; and, if so, were they waived by the municipality’s adoption of an in lieu of payment of taxes resolution and its execution of an agreement with taxpayer to exempt the property from real property taxation.
The facts were stipulated as follows: Plaintiff, S.J. Associates, Ltd., a New Jersey limited partnership, is the present owner of Lot 3E in Block 11, East Windsor Township (East Windsor) the subject of this appeal. Pursuant to the New Jersey Housing and Mortgage Finance Agency Law of 1983, N.J.S.A. 55:14K-1, et seq. (HMFA law), plaintiff is constructing a government-subsidized senior-citizen housing project known as “St. James Village.”
In May 1980, East Windsor Non-Profit Housing, Inc., a non-profit housing sponsor and plaintiff’s predecessor in interest, entered into an option agreement to purchase from Benjamin Zaitz the subject property for the construction of the aforesaid project to be developed pursuant to HMFA law. It applied to the municipality’s planning board for site plan and subdivision approval which was granted on February 14, 1983.
In the fall of 1982, the sponsor of the proposed housing project had been converted, pursuant to HMFA law, from a non-profit sponsor to plaintiff, a “limited dividend” sponsor. Thereafter, plaintiff entered into a new option agreement with Zaitz effective November 1, 1982 superseding the option agreement of May 1, 1980. Pursuant to HMFA law, on February 8, 1983 East Windsor passed a resolution which granted tax abatement to the project and on May 10,1983 East Windsor and plaintiff entered into a tax abatement agreement.
On July 8, 1983 Zaitz conveyed the property to plaintiff for $231,000. On July 23, 1983 plaintiff entered into a mortgage *95 loan agreement with the New Jersey Housing and Mortgage Finance Agency.
During the option period and for several years prior thereto the subject property was a qualified farm which had been assessed pursuant to the farmland assessment provisions of the Farmland Assessment Act of 1964 (N.J.S.A. 54:4-23.1 et seq.). Neither of the two option agreements for the purchase of the subject property specifically made reference to the farmland roll-back statute, its application, if any, or its effect.
Construction of St. James Village commenced in 1983. In 1984 the assessor of East Windsor initiated an omitted roll-back assessment on the premises for the years 1983, 1982 and 1981. The Mercer County Board of Taxation entered judgment in September 1984 granting the farmland roll-back assessment which resulted in the instant appeal to this court.
The complaint is in four counts; however, plaintiff subsequently withdrew three of the counts, leaving in issue only the first count which avers:
Plaintiff contends that it and the defendant entered into a Tax Abatement Agreement, attached hereto, the effect of which was to exempt the lot from all real estate taxes in exchange for an in-lieu payment by plaintiff to defendant pursuant to law.
Plaintiff concedes that circumstances which would normally activate the imposition of roll-back taxes are present, but it contends roll-back taxes are not applicable against plaintiff by reason of its tax-exempt status granted by East Windsor pursuant to HMFA law; and, moreover, if roll-back taxes do apply, the resolution and agreement waive, bar and estop the taxing district from now asserting the roll-back claim.
N.J.S.A. 54:4-23.8, in material part, provides:
When land which is in agricultural or horticultural use and is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural or horticultural, it shall be subject to additional taxes, hereinafter referred to as roll-back taxes ... in the current tax year (the year of change in use) and in such of the 2 tax years immediately preceding, in which the land was valued, assessed and taxed as herein provided.
“When land which has been taxed under the act in previous years is applied to a use other than agricultural or horticultural, it becomes subject to roll-back taxes.” N.J. Turnpike Auth. v. *96 Washington Tp., 137 N.J.Super. 543, 546-547, 350 A.2d 69 (App.Div.1975), aff'd o.b. 73 N.J. 180, 373 A.2d 652 (1977). This statutory provision applies not only to privately owned land but also to property owned by the State of New Jersey or by one of its lawfully created authorities. State [New Jersey Trans. Dept.] v. Washington Tp., 73 N.J. 182, 373 A.2d 652 (1977); Environmental Protection Dept. v. Franklin Tp., 181 N.J.Super. 309, 3 N.J. Tax 105, 437 A.2d 353 (Tax Ct.1981). There is no material difference whether the acquiring agency is a state department or an authority created by the State. State v. Washington Tp., supra.
However, plaintiff claims in lieu of tax statutes such as contained in HMFA law permitting non-governmental owners to make payments of money in exchange for tax exemption are distinguishable from tax exemption statutes afforded to governmental property on the basis that the former laws require the municipality to act by resolution to establish the exemption. Plaintiff has failed to cite any authority, and this court knows of none, to support plaintiff’s position which is absolutely contrary to the rulings contained in the above-cited decisions. Plaintiff’s argument is unpersuasive. Since statutes granting tax exemption to government acquired property do not exempt those lands from roll-back taxes, it logically follows that statutes permitting private housing corporations to make prospective payments of money to a municipality in lieu of tax payments likewise do not operate to nullify the effect of the farmland roll-back provisions. A private corporation, including a limited dividend sponsor under HMFA law, certainly is not entitled to any greater tax exempt privileges than the State or any of its subdivisions.
As stated in N.J. Turnpike Auth. v. Washington Tp., supra, the Legislature has accorded a tax benefit to qualified farmland but requires some repayment “when the use of the land is changed, irrespective of the nature of the new use ... or the status of the person owning the land at the time of change in use.” 137 N.J.Super. at 547, 350 A.2d 69. In future years plaintiff will receive the benefits of its in lieu of tax payment *97 agreement; however, in promulgating the HMFA law, the Legislature did not exempt previously qualified farmland from roll-back taxes which pursuant to HMFA law is eventually granted tax abatement. Moreover, such an interpretation, as suggested by plaintiff, would probably render that portion of the HMFA law unconstitutional.[1] The Legislature is presumed not to have intended to adopt an unconstitutional law. Behnke v. Highway Auth. of N.J. 13 N.J 14, 25, 97 A.2d 647 (1953). The farmland amendment to the New Jersey Constitution specifically mandates the imposition of roll-back taxes on previously qualified farmland which changes its use by requiring: “Any such laws [adopted by the Legislature] shall provide that when land has been valued in this manner for local tax purposes is applied to a use other than for agriculture or horticulture it shall be subject to [roll-back tax].” N.J. Const. (1947), Art. VIII, § 1, ¶ 1(b); emphasis supplied. The Legislature implemented this requirement by the adoption of N.J.S.A. 54:4-23.8. This clear constitutional language directs the imposition of roll-back taxes in all cases wherein a change in use has occurred. State v. Washington Tp., supra, 73 N.J. at 183, 373 A.2d 652.
It naturally follows that municipalities also do not have the right to waive roll-back taxes. This court is cognizant of the constitutional exemption from the general constitutional requirements of uniform property taxation permitting exemptions for limited periods of time to improvements in blighted areas, N.J. Const. (1947), Art. VIII, § 3, ¶ 1, however, this exemption does not apply to vested roll-back taxes due against land. *98 Except as specifically granted to municipalities by the in lieu of tax provisions of N.J.S.A. 55:14K-1, et seq. and similar statutes, a municipality does not possess the power to grant an exemption to land from the burden of taxation. Whipple v. Teaneck Tp., 135 N.J.L. 345, 52 A.2d 44 (E. & A. 1946). Accordingly, plaintiffs special statutory tax treatment granted pursuant to HMFA law does not exempt it from the roll-back provisions of N.J.S.A. 54:4-23.8.
Plaintiff next claims that, by the municipality’s failure to recite in its abatement resolution and in the tax abatement agreement its right to collect roll-back taxes, it “knowingly and actively foreswore its right to impose and collect such roll-back taxes, in consideration for the creation of senior citizen housing.”
Contrary to plaintiff’s allegation, I find that the municipality’s resolution granting a statutory tax abatement to the subject property and its agreement to accept future payments in lieu of real estate taxes thereon, do not by their respective silence concerning the roll-back taxes manifest an intention by the municipality to waive its statutory obligation to assess and collect them.
Both the resolution which was adopted in February 1983 and the agreement which was entered into in May 1983 address only future real estate taxation for the subject property which the municipality agreed to exempt in consideration of prospective in lieu of tax payments. The agreement provides that the only monies which plaintiff could make available for future in lieu of tax payments would be a percentage of the adjusted rents to be collected. This can only be interpreted to mean from future rental income. The clear intent of both documents is that the prospective payments are to be in lieu of the assessment of future taxes. No reasonable construction of these documents could lead to the conclusion that there was any intent to waive any taxes due or assessable for the tax year 1983 or any years prior thereto.
Plaintiff further asserts that, by the municipality’s failure to alert plaintiff to the fact that it would impose roll-back taxes, it *99 induced plaintiff to rely on the belief that such taxes would not be imposed, therefore, the municipality is now estopped from demanding payment of the roll-back taxes.
Application of the principle of estoppel is particularly inappropriate where the collection of taxes by a public body is involved “except in unusual circumstances.” N.J. Turnpike Auth. v. Washington Tp., supra, 137 N.J.Super. at 552, 350 A.2d 69. For such a finding it must be proved that the interests of justice and fairness dictate such a course. State v. East Shores, Inc., 154 N.J.Super. 57, 380 A.2d 1168 (Ch.Div.1977). The circumstances in this case do not justify imposition of the exception.
For estoppel to be imposed it must appear, not only did defendant conceal material facts inconsistent with its present claims with the intent to influence the conduct of plaintiff, but also that plaintiff was ignorant of the facts, had no convenient opportunity to ascertain them and relied on the facts as presented in good faith to plaintiffs prejudice.
There is no basis for plaintiffs allegation that it relied upon defendant’s alleged failure to include in the resolution and agreement the municipality’s right and intent to collect rollback taxes. The roll-back taxes in issue were assessed for the tax year 1983 and the two previous years. The original purchase option agreement was executed on May 1, 1980 and the second option on November 1, 1982 both being prior to the dates of the resolution, abatement agreement and transfer of title which occurred thereafter in 1983. When the initial option agreement was executed plaintiff certainly knew or is presumed to have known that the use of the land was farmland and that it continued as such until 1983. Since it was used as farmland plaintiff was on notice that it was assessed as farmland. The facts relating to the tax treatment of the land for 1981 to 1983 presumably were within the knowledge of plaintiff and if not, they should have been ascertained by it from either the seller or from the public tax records. The change in use from farmland was made subsequently by plaintiff. Plaintiff *100 cannot now claim that the facts concerning the original assessment of the land and the change in use which triggered the roll-back were not within its knowledge.
The imposition of roll-back taxes is not discretionary but is mandated by law and plaintiff, like any person, is chargeable with knowledge of the law. Gibraltar Factors Corp. v. Slapo, 41 N.J.Super. 381, 125 A.2d 309 (App.Div.1956), aff’d 23 N.J. 459, 129 A 2d 567 (1957). When the resolution and abatement agreement were adopted N.J.S.A. 54:4-23.8 had been in effect for approximately 18 years and plaintiff was chargeable with its provisions and the reported court decisions interpreting it.
A prudent buyer of farmland should ascertain whether land is assessed under the farmland act and if it might be subjected to roll-back taxes and if so, he should reasonably be expected to ascertain and/or negotiate as to which party is legally responsible, and to what extent, for the payment of such taxes and to incorporate an appropriate covering clause in the purchase agreement.[2]
The judgment of the Mercer County Board of Taxation imposing roll-back taxes for, 1981, 1982 and 1983 is affirmed.

 As stated in N.J. Turnpike Auth. v. Washington Tp., supra:
We note but need not decide the issue of ... whether the Legislature constitutionally could grant an exemption from roll-back taxes where the land is no longer devoted to agricultural or horticultural use. N.J. Const. (1947), Art. VIII, § 1, ¶ 1(b), uses mandatory language concerning the imposition of roll-back taxes on lands which have been taxed under farmland assessment legislation. See Ridgefield v. Bergen Cty. Bd. of Taxation, 62 N.J.Super. 133 [162 A.2d 132] (Law Div.1960). On its face the constitutional provision allows for no exceptions to that mandate. [137 N.J.Super. at 548, n. 4, 350 A.2d 69]

 See Hinck v. Wall Tp., 3 N.J.Tax 96, 99, n. 2 (Tax Ct.1981) (agreement for purchase of portion of qualified farmland by municipal authority for use as a park provided if roll-back taxes imposed, seller is responsible).