RIMM, J.T.C.
This local property tax matter involves the propriety of farmland rollback tax assessments in accordance with N.J.S.A. 54:4-28.8 for the tax years 1983, 1984 and 1985.
The subject property is vacant ground designated as Block 11, Lot 4.12 on the tax map of defendant, Township of Upper Freehold. The total area of the lot is 4.029 acres, of which 1.21 acres in the rear of the lot is encumbered by an open space easement. The lot had been subdivided from a larger tract, which larger tract had received farmland qualification assessment for the tax year 1985 and for prior tax years, specifically 1983 and 1984. There is no dispute between the parties that the subject property is not entitled to farmland assessment for the tax year 1986. There is also no dispute between the parties as to the amount of the assessments if rollback assessments for the years 1983, 1984 and 1985 are proper.
The dispute between the parties centers around the issue of a change in use in the year 1985. The taxpayer contends that: (1) the subject property was farmed for a portion of that year; (2) farmland activity ceased in 1985; but (3) there was no change in use, except for the cessation of agricultural use. The municipality contends that there was no agricultural activity on the subject property in 1985. It further contends that the fact that no agricultural activity took place in 1985 constituted a conscious change in use further evidenced by: (1) the subdivision; (2) the size of the subject lot after the subdivision; and (3) the transfer of title of the subject lot from the previous owner of the larger tract to plaintiffs on April 17, 1985.
The subject property, based on its acreage, had been assessed as farmland for the tax years 1983, 1984 and 1985 for the prorated amount of $1,824 for each year. The municipality filed a complaint with the Monmouth County Board of Taxation by which it sought a rollback assessment for the tax year 1983 in the amount of $23,676 for a total assessment, based on valuation as other than farmland, of $25,500; for 1984 a rollback assessment of $28,176 for a total assessment of $30,000; *646 and a rollback assessment of $30,676 for the tax year 1985 for a total assessment of $32,500. On September 4, 1985 the Monmouth County Board of Taxation entered a judgment providing for a rollback assessment for the tax year 1983 of $18,576, for a total assessment of $20,400; a rollback assessment of $22,576 for the tax year 1984 for a total assessment of $24,400, and a rollback assessment of $24,776 for the tax year 1985 for a total assessment of $26,600. The taxpayers were dissatisfied with the county board judgment and filed a complaint with the Tax Court seeking a judgment of the court setting aside the rollback assessments.
Plaintiff-husband testified that plaintiffs took possession of the subject property in April 1985. He had previously seen the property and there were soybeans growing on the property between January and March 1985, but the soybeans had been harvested before plaintiffs took possession in April 1985. Plaintiffs themselves did not engage in any activity on the property in the year 1985.
The tax assessor testified on behalf of the municipality and stated that plaintiffs’ ground was a vacant lot in 1985 with no agricultural activity whatsoever. The tenant farmer who had previously leased the entire tract, of which the subject property was one subdivided lot, also testified. He said that he had farmed the entire tract for over 25 years and that he had last farmed the property in 1984. He stated that he did not farm the property at all in 1985 and that his last harvest took place in October 1984. Another local farmer testified that he was well acquainted with the area and that in 1985 there were no crops whatsoever growing on plaintiffs’ property.
The court finds, as a fact, that there was no farmland activity on the property in 1985. The dispute in the testimony between the parties must be resolved in favor of the municipality primarily based on the testimony of the tenant farmer who said that his last harvest on the property was in October 1984. The subdivision of the subject property from a larger tract into a lot *647 4.029 acres in size and its sale in April 1985 is further evidence of a conscious determination to cease farm activity.
The Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq. (the act), provides for lower tax assessment for farms. The act is limited in its application to land that is actively devoted to agricultural or horticultural use. N.J.S.A. 54:4-23.5. Land is deemed to be in agricultural or horticultural use when devoted to the production for sale of fruits, vegetables and nursery, floral, ornamental and greenhouse products. N.J.S.A. 54:4-23.4. When there is a change in use from horticultural or agricultural use on land which has qualified for farmland assessment, the land is subject to rollback taxes for the year of the change in use and for the two immediately preceding years. N.J.S.A. 54:4-23.8. The amount of the rollback assessment is the difference between farmland assessment and a regular assessment if the property had not qualified for farmland assessment. The pertinent statute provides, in part, as follows:
When land which is in agricultural or horticultural use and is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural or horticultural, it shall be subject to additional taxes, hereinafter referred to as roll-back taxes, in an amount equal to the difference, if any, between the taxes paid or payable on the basis of the valuation and the assessment authorized hereunder and the taxes that would have been paid or payable had the land been valued, assessed and taxed as other land in the taxing district, in the current tax year (the year of change in use) and in such of the 2 tax years immediately preceding, in which the land was valued, assessed and taxed as herein provided.
If in the tax year in which a change in use of the land occurs, the land was not valued, assessed and taxed under this act, then such land shall be subject to roll-back taxes for such of the 2 tax years, immediately preceding, in which the land was valued, assessed and taxed hereunder. [N.J.S.A 54:4-23.8]
In Jackson Tp. v. Paolin, 181 N.J.Super. 293, 3 N.J.Tax 39, 437 A.2d 344 (Tax Ct.1981), the court held that a farmer’s failure, due to age and illness, to actively devote his property to agricultural use in accordance with the act did not trigger rollback taxes since there was farming activity. In Belmont v. Wayne Tp., 3 N.J.Tax 382 (Tax Ct.1981), the court held that the failure to file an application for farmland assessment resulting in a denial of farmland qualification did not, of itself, constitute a change in use in the year for which no application *648 was filed, and the court did not impose rollback assessments under N.J.S.A. 54:4-23.8. Plaintiffs’ reliance on these cases is, however, misplaced.
Neither subdivision approval, by itself, nor conveyance of title, by itself, of a portion of land on which farm activity continues results in the loss of farmland qualification. N.J.S.A. 54:4-23.15, 23.16; Centex Homes of N.J., Inc. v. Manalapan Tp., 4 N.J.Tax 599 (Tax Ct.1982). Neither, by itself, triggers rollback assessments. However, the fact that there was no farmland activity on the subject property constituted a change in use under N.J.S.A. 54:4-23.8 and requires the imposition of rollback assessments.
In Environmental Protection Dep’t v. Franklin Tp., 3 N.J.Tax 105, 181 N.J.Super. 309, 437 A.2d 353 (Tax Ct.1981), affirmed sub. nom. State of New Jersey v. Union Tp., 5 N.J.Tax 476 (App.Div.1983), the parties agreed that farming activity ceased on the land following acquisition by the department. The court said: “A change in use of the property thus took place.” 3 N.J. Tax at 132. The court then went on to say in a footnote to the quoted sentence that:
This is so even if the land lay completely unattended (the briefs are not clear as to what actual use the property was put in the year the roll-back was assessed). The purposes of the Farmland Assessment Act would clearly be frustrated if a change from agricultural use to non-use did not constitute a change in use, and the Legislature could not have intended such a result. [Id. at 132, n. 7]
To the same effect is Hinck v. Wall Tp., 3 N.J.Tax 96 (Tax Ct.1981). In that case the court held that the conveyance of woodland, which had received farmland assessment as appurtenant to other land actively devoted to agricultural use, constituted a change in use justifying the imposition of rollback assessments. There was no difference between the use before the conveyance and the use after the conveyance. The court concluded nevertheless that, since the property was no longer required for the maintenance of the balance of the qualifying land following its transfer, a change in use occurred which required rollback assessments. The court also referred to N.J.S.A. 54:4-23.15 dealing with change of ownership and N.J. *649 S.A 54:4-23.16 dealing with separation or split off of a portion of land qualifying for farmland assessment. The court said that these statutory provisions emphasize that when land assessed as farmland is conveyed or split off from a larger tract, it “retain[s] its farmland status and avoid[s] liability for rollback taxes only when it continues to satisfy the provisions of the act.” 3 N.J.Tax at 104.
In Hamilton Tp. v. Lyons Estate, 8 N.J.Tax 112 (Tax Ct.1986) the court said that “[a]ny change, whereby the land is no longer devoted to actual agricultural or horticultural use, subjects the land to roll-back taxes.” Id. at 118. In reaching that conclusion the court distinguished Jackson Tp. v. Paolin, supra. In Paolin, land which had qualified for farmland assessment, was not sufficiently farmed, by reason of the health and age of the farmer, to continue its qualification. The land was not considered to have been applied to another use, and there was no change in use and no rollback assessment. In Lyons Estate, there was an active conversion from agricultural use to mineral excavation. The taxpayer’s intention ultimately to use the land for agricultural purposes was not considered by the court to be the same as leaving land fallow.
In Burlington Tp. v. Messer, 8 N.J.Tax 274 (Tax Ct.1986), the county board of taxation denied the assessor’s application for rollback taxes, and the municipality filed a complaint in the Tax Court challenging that determination. In defending against the township’s claim that it was entitled to have rollback assessments imposed, taxpayer argued that there was agricultural activity during the year of the alleged change in use. Taxpayer also argued that, in any event, no change in use was established and that the most that could be factually determined was that the land was inactive. Nonuse of previously qualified farmland, it was contended, is not sufficient to trigger rollback assessments.
The court again distinguished Paolin on which case taxpayer relied. The court concluded that Paolin stands for the proposi *650 tion that where previously qualified farmland continues in farmland activity but fails to meet the minimum income requirements because of the farmer’s illness, it loses its farmland assessment, but it is not subject to rollback taxes. In Messer, the court then went on to say that when land is taxed as farmland it is so taxed because it is “actively devoted” to horticultural or agricultural use as required by the statute. When the land is then “not applied to an agricultural or horticultural use, by operation of law a ‘change in use’ has occurred.” Id. at 285. As posited in Messer, to impose rollback assessments, a taxing district must prove that in the year of the alleged change in use of land taxed as farmland “the land has not been applied to agricultural or horticultural use.” Id. at 286.[1]
In other words, “[w]hen land which is in agricultural or horticultural use” is no longer “in agricultural or horticultural use,” a “change in use of the land occurs,” N.J.S.A. 54:4-23.8, which triggers rollback assessments. Any other result would mean that even if farmland use is abandoned, and hence there is no farmland qualification, the municipality could not realize rollback taxes. In reality, however, the purpose of the rollback provisions in the act is to require a property owner, once farmland activity ceases, to pay back to the municipality the amount by which the property owner benefited from having a farmland assessment in the year of cessation and in the two immediately preceding years.
The thrust of the act is to encourage farming and to give the farmer some tax relief. When farming ceases, not only should farmland assessment cease, but the property owner should *651 return to the municipality the benefits he received for the year in which farming ceased and for the two immediately preceding years. The property owner having concluded to terminate farming, there is no reason to permit him to retain these previous benefits he received to encourage him to continue farming.
The plain meaning of the statute also dictates the result reached here. To do something different is to change. Not farming is different from farming and constitutes a change. The noun “change” is defined as “the action of making something different in form, quality, or state: the act of becoming different.” Webster’s Third New International Dictionary of the English Language Unabridged (1966) at 374. The transitive verb “change” means to make different; to make different in some particular but short of conversion into something else.” Id. at 373. “In the absence of any explicit indication of special meaning, words of a statute are to be given their ordinary and well understood meaning.” Levin v. Parsippany-Troy Hills Tp., 82 N.J. 174, 182, 411 A.2d 704 (1980).
The conscious determination to terminate farming is a change in use resulting in the imposition of rollback taxes. The rollback assessments for the years 1983, 1984 and 1985 were correctly imposed by the Monmouth County Board of Taxation.
Plaintiffs cannot be heard to complain that the imposition of rollback taxes creates an unexpected financial burden. A buyer of land assessed as farmland should ascertain if it might be subject to rollback taxes and should negotiate concerning responsibility for payment of such taxes. S.J. Assocs., Ltd. v. East Windsor Tp., 8 N.J.Tax 92 (Tax Ct.1985).
The Clerk of the Tax Court will enter judgment in this matter imposing rollback assessments on the subject property in the amount of $18,576 for 1983, $22,576 for 1984 and $24,776 for 1985. The total assessment for each year is therefore as follows: 1983: $20,400; 1984: $24,400, and 1985: $26,600.

 The following footnote appears at this point in the Messer case:
It is not intended to imply that land continued in agricultural use which is permitted to lie fallow to improve the land for future crops or fails to meet the minimum requirements of the act necessarily falls within this second requirement. [8 N.J.Tax at 286, n. 2]